FILED
DALLAS COUNTY
3/6/2019 12:04 PM
FELICIA PITRE
DISTRICT CLERK

Angie Avina

DC-19-03312

CAUSE NO. _____

| | | |
|---|---|---|
| **COREY RISPER,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | K-192ND **JUDICIAL DISTRICT** |
| **JMS TRANSPORT LLC, AND JOHN** | § | |
| **JOHNICAN,** | § | |
| *Defendants* | § | **DALLAS COUNTY, TEXAS** |

---

## PLAINTIFF'S ORIGINAL PETITION WITH REQUESTS FOR DISCLOSURE AND ATTACHED DISCOVERY

---

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES COREY RISPER** hereinafter referred to by name or as Plaintiff, and complains of **JMS TRANSPORT LLC, AND JOHN JOHNICAN,** hereinafter referred to by name or as Defendants', and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Discovery shall be conducted in this case according to LEVEL 3 Discovery Control Plan pursuant to RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.    Plaintiff **COREY RISPER** is an individual residing in Dallas County, Texas.

3.    Defendant **JMS TRANSPORT LLC,** is a Domestic Limited Liability Company doing business in Texas, and may be served with process through their registered agent, Jesus Salazar, 19515 Country Canyon Dr, Spring, Texas 77388.

4.    Defendant **JOHN JOHNICAN** is a resident of Union County, Arkansas and may be served at his place of residence at 803 Champagnolle Rd, El Dorado, Arkansas 71730.

### III.
### JURISDICTION & VENUE

**5.**     Venue is proper in Dallas County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Dallas, Texas.

### IV.
### FACTS

**6.**     On or about February 5, 2018, Plaintiff **COREY RISPER** was traveling west on Highway 30 in Dallas County, Texas. The Plaintiff's vehicle was suddenly, violently, and without warning struck on the side of his vehicle by Defendant **JOHN JOHNICAN** vehicle. The Defendant was in the course and scope of his employment with Defendant **JMS TRANSPORT LLC,** and with the permission and/or consent of **JMS TRANSPORT LLC**. The impact of the collision caused serious injury to the Plaintiff.

### V.
### CAUSES OF ACTION AGAINST
### DEFENDANT JMS TRANSPORT LLC

**A.     *RESPONDEAT SUPERIOR***

**7.**     The incident made the basis of this lawsuit, on or about February 5, 2018, Defendant **JOHN JOHNICAN** was engaged in the course and scope of his employment with Defendant **JMS TRANSPORT LLC.** Therefore, Defendant **JMS TRANSPORT LLC,** is responsible and liable for the conduct of their employee based on the doctrine of *respondeat superior*.

**8.**     **JMS TRANSPORT LLC,** is also negligent in one or more of the following respects:

      a.       Negligent hiring of its driver;

      b.       Negligent training;

      c.       Negligent supervision;

      d.       Negligent retention;

      e.       Negligent entrustment of the vehicle.

      f.       failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of drivers of its vehicles occurred;

      g.       placed a driver on the road knowing that the driver was incompetent and that such incompetence could in all likelihood cause serious injury to others in the event of an accident like that which occurred;

      i.       failed to instate adequate policies and procedures to prevent the entrustment of vehicles to incompetent and unsafe drivers of its vehicles.

**9.** Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

**B.    GROSS NEGLIGENCE**

**10.    JMS TRANSPORT, LLC** negligent conduct was more than momentary thoughtlessness or inadvertence. Defendant's conduct involved an extreme degree of risk increasing the probability and magnitude of potential harm to Plaintiff. Defendant had actual subjective awareness of the risk involved and, proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs and/or others similarly situated.

*11.* Accordingly, the acts and/or omissions by Defendant as outlines above constitute gross negligence, as defined in Section 41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

12.     Each of these acts and/or omissions specifically set forth herein, whether taken singularly or in any combination constitutes negligence, negligence per se, and gross negligence that proximately caused the collision, injuries and other losses that Plaintiff suffered and will continue to suffer from in the future, if not for the remainder of their natural life.

## VI.
## CAUSES OF ACTION AGAINST
## DEFENDANT JOHN JOHNICAN

*A.*     *NEGLIGENCE*

13.     The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of the Plaintiff were proximately caused by the negligent conduct of the Defendant **JOHN JOHNICAN**.   Defendant operated the vehicle he was driving in a negligent manner by violating the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

a.     failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

b.     failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

c.     operating his vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under of similar circumstances;

d.     failing to turn the vehicle in an effort to avoid the collision in question;

e.     failing to blow horn warning of imminent danger;

14.     Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

**B.**     *GROSS NEGLIGENCE*

**15.**     Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the acts and/or omissions by Defendant outlined in the above paragraphs constitute gross negligence as that term is defined in §41.001(11) of the CIVIL PRACTICE & REMEDIES CODE. Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff or others similarly situated.

**16.**     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.


**VI.**
**DAMAGES**

**17.**     As a direct and proximate result of the collision, and the negligent conduct of the Defendants', Plaintiff **COREY RISPER** suffered bodily injuries as reflected in the medical records from the health care providers who treated the injuries since the collision. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of her injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

**18.**     As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention in the past and may incur medical expenses in the future to treat her injuries.

**19.**     By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

20.     Plaintiff asserts the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers.  However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

21.     Plaintiff further requests both pre-judgment and post-judgment interest on all her damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

22.     Plaintiff **COREY RISPER** demands a trial by jury.  Plaintiff acknowledges payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURE

23.     Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants' are requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

24.     Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants' are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

**XI.**
**ATTACHED DISCOVERY**

25.     Attached to Plaintiff's Original Petition, are the following written discovery requests to

which Defendants' are requested to answer/respond within fifty (50) days of service hereof:

   a.     Plaintiff's First Set of Interrogatories to Defendant
          **JMS TRANSPORT, LLC**
   b.     Plaintiff's First Requests for Production to Defendant
          **JMS TRANSPORT, LLC**
   c.     Plaintiff's First Requests for Admissions to Defendant
          **JMS TRANSPORT, LLC**
   d.     Plaintiff's First Set of Interrogatories to Defendant
          **JOHN JOHNICAN**
   e.     Plaintiff's First Request for Production to Defendant
          **JOHN JOHNICAN**
   f.     Plaintiff's First Request for Admissions to Defendant
          **JOHN JOHNICAN**

**XII.**
**PRAYER**

   **WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests the Defendants' be cited

to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the

Defendants' in an amount within the jurisdictional limits of this Court, together with all pre-

judgment and post-judgment interest as allowed by law, costs of Court, and for such other and

further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited

to:

   1.     Pain and suffering in the past;
   2.     Pain and suffering in the future;
   3.     Mental anguish in the past;
   4.     Mental anguish in the future;
   5.     Past medical expenses;
   6.     Future medical expenses;
   7.     Physical impairment in the past;
   8.     Physical impairment in the future;
   9.     Physical disfigurement in the past;
   10.    Physical disfigurement in the future;
   11.    Property damage;

12. Loss of use;
13. Pre-judgment interest;
14. Lost wages in the past;
15. Loss of future wage earning capacity; and
16. Post-judgment interest;

Respectfully submitted,

**LAW OFFICES OF THOMAS J. HENRY**

5710 Hausman Rd W, Suite 108
San Antonio, Texas 78249
Telephone: (210) 656-1000
Facsimile: (361) 985-0601

By: _____
Thomas J. Henry
State Bar No. 09484210
Scott Sager
State Bar No. 240837778
*email: **ssager-svc@tjhlaw.com**
*service by email to this address only

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. _____

| | | |
|---|---|---|
| **COREY RISPER,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| **JMS TRANSPORT LLC, AND JOHN** | § | |
| **JOHNICAN,** | § | |
| *Defendants* | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT JMS TRANSPORT LLC

**TO:**    Defendant **JMS TRANSPORT LLC,** Registered Agent, Jesus Salazar, 19515 Country

Canyon Dr, Spring, Texas 77388.

These Interrogatories are filed and served pursuant to Rule 197 Texas Rules of Civil

Procedure.  Plaintiff requests that Defendant, answer separately and fully in writing and under

oath each of the following interrogatories within thirty (30) days after service of this request.

Respectfully submitted,

LAW OFFICES OF THOMAS J. HENRY

5710 Hausman Rd W, Suite 108
San Antonio, Texas 78249
Telephone: (210) 656-1000
Facsimile: (361) 985-0601

By:    _____
Thomas J. Henry
State Bar No. 09484210
Scott Sager
State Bar No. 240837778
*email: **ssager-svc@tjhlaw.com**
*service by email to this address only

**ATTORNEYS FOR PLAINTIFF**

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, the terms "you" and "your" shall refer to this Defendant, her attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.  As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.  In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.  "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.  "Identify" or "Identification":

a.     When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

b.     When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

c.     When used in reference to a document, "identify" or "identification" shall include statement of the following:

    i.     the title, heading, or caption, if any, of such document;

    ii.     the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

    iii.     the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

    iv.     the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

    v.     the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

    vi.     the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

    vii.     the physical location of the document and the name of its custodian or custodians.

6.     "Settlement": as used herein, means:

a.     An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendants or between any Defendants herein whereby Plaintiff or Defendants have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

b.     Any resolution of the differences between the Plaintiff and Defendants by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants.

c.      The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.    "The wreck", "The hit", "The collision" and "The accident" as used herein refers to the wreck between the Plaintiff and the Vehicle driven by **JOHN JOHNICAN** the basis of this lawsuit.


Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

### USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

### TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **February 5, 2018** through the date of production of responses requested herein.

## <u>INTERROGATORIES</u>

1.      For the individual answering these Interrogatories on behalf of Defendant, please state:

        a.      Your name and address;
        b.      Your job title, and description.

**ANSWER:**

2.      State the name, job title and description, and address of **JOHN JOHNICAN** immediate supervisor.

**ANSWER**:

3.      State the name, address, telephone number and title of the person or persons involved in the hiring of **JOHN JOHNICAN**.

**ANSWER**:

4.      State the nature of the trip being made by **JOHN JOHNICAN**, including the location from which the driver left and the intended destination, including the reason for the trip.

**ANSWER**:

5.      If you now contend or will contend that you are not liable in the capacity in which you have been sued, or that there is a defect of parties or names of parties to this suit, fully state your contentions and identify all correct parties by stating their full correct name and by stating all facts which support your contentions.

**ANSWER**:

5.      State what type of driver training program or driver monitoring was provided by your company to **JOHN JOHNICAN**.

**ANSWER:**

6.      State each and every factor, other than the alleged negligence of the Plaintiff, which you now contend or will contend at trial contributed to the collision including, but not limited to, acts or omissions of negligence of any other party or parties, or potential Third-Party Defendants; sudden emergency; unavoidable accident; mechanical defect; or Act of God.

**ANSWER:**

7.      State each and every factor you now contend or will contend at trial caused or contributed to the Plaintiff's damages including, but not limited to, pre-existing physican or medical conditions of the Plaintiff.

**ANSWER:**

8.      Please describe in detail the method of payment to **JOHN JOHNICAN** in effect on the date of the collision in question.

**ANSWER:**

9.      Did Defendant have a Safety Director (or other person in charge of driver safety no matter what the title) as of the date of the incident that forms the basis of this action?  If so, please state: (a) name and last known address, with their inclusive dates of employment; (b) the name of the present Safety Director: (c) the name, address and inclusive dates of employment for the predecessor Safety Directors in the 5 years prior to the date of the incident that forms the basis of this action.

**ANSWER:**

10.     On the date of the incident that forms the basis of this action., did Defendant use or have an accident review committee, a safety committee, or a driver review committee, or any other similar body that reviewed driver accidents for purposes of discipline or safety compliance, and if so, please state the name, address and title of each member of such committee, their position with the corporate defendant and their inclusive dates of employment; (b) Did such body or committee review the incident that forms the basis of this action., and if so, please state its finding and conclusions and deliberations.

**ANSWER:**

11.     What discipline or adverse consequences (including warnings, reprimands, interviews, probation, suspension, points, etc.) were suffered by or administered to **JOHN JOHNICAN** as a result of incident that forms the basis of this suit?

**ANSWER:**

12**.**    Was **JOHN JOHNICAN** tested for drugs and alcohol following incident that forms the basis of this suit?  If so, please state the results of such testing, the time and location testing, and the entity that performed the test.

**ANSWER:**

13.     List by date and topic all courses, classes and other training provided to **JOHN JOHNICAN** (a) related to hazard recognition, accident avoidance, and defensive driving from the time he became a driver for Defendant through the date of the incident that forms the basis of this action.; (b) related to FMCSR Hours of Service Regulations; (c) related to the proper way to fill out driver records of duty status.

**ANSWER:**

14.     Describe in detail your company's incident investigation and review process.

**ANSWER:**

15.     Identify any communication devices available to your driver on the date of the collision made the basis of this suit including, but not limited to, cell phones, two way radios, or any other electronic messaging systems.  For cell phones, provide the complete phone number and name of carrier.


**ANSWER:**

16.     Describe your driver interview and hiring qualifications policies and procedures.


**ANSWER:**

## **<u>VERIFICATION</u>**

THE STATE OF TEXAS      §
                                            §

COUNTY OF _____  §

       BEFORE ME, the undersigned authority, a Notary Public, on this day personally appeared

_____, representative for **JOHN JOHNICAN**, who being by me duly

sworn under oath deposed and said that he is duly qualified and authorized in all respects to make

this Affidavit, that he has read the above and foregoing answers**,** and that every statement contained

in this Discovery is within his/her knowledge and completely true and correct.

                            By:    _____
                                        Signature

                                       _____
                                       Print Name

THE STATE OF TEXAS      §
                                            §

COUNTY OF _____  §

       BEFORE ME, the undersigned authority, on this day personally appeared _____**,** representative for JMS Transport LLC**,** who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

       SUBSCRIBED AND SWORN TO on the _____ day of _____, 20_____.

                                         _____
                                       Notary Public, State of Texas
                                        My Commission Expires: _____

CAUSE NO. _____

| | | |
|---|---|---|
| **COREY RISPER** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| **JMS TRANSPORT LLC, AND JOHN** | § | |
| **JOHNICAN,** | § | |
| *Defendants* | § | **DALLAS COUNTY, TEXAS** |

<u>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**</u>
<u>**TO DEFENDANT JMS TRANSPORT LLC**</u>

**TO:**   Defendant **JMS TRANSPORT LLC,** Registered Agent, Jesus Salazar, 19515 Country Canyon Dr, Spring, Texas 77388.

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff request that the Defendant produce copies of, or permit Plaintiff to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives, or attorneys.

Plaintiff designate the manner of discovery to be by Defendant providing Plaintiff's attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendant's possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiff's attorney. If the requested documents, records, or tangible things cannot readily be copied, produced, and delivered to Plaintiff's attorneys, or made available for inspection, sampling, testing, photographing, and/or copying at the office of Plaintiff's attorney, Plaintiff is agreeable to conducting discovery in the office of Defendant's counsel or Defendant's premises or obtaining delivery there from.

Plaintiffs designate 30 days after service to obtain custody of such items.  Pursuant to Rule 193.5 Texas Rules of Civil Procedure, these Requests for Production and Discovery are continuing in nature and require supplementation as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial.

Respectfully submitted,

LAW OFFICES OF THOMAS J. HENRY

5710 Hausman Rd W, Suite 108
San Antonio, Texas 78249
Telephone: (210) 656-1000
Facsimile: (361) 985-0601

By: _____
Thomas J. Henry
State Bar No. 09484210
Scott Sager
State Bar No. 240837778
*email: **ssager-svc@tjhlaw.com**
*service by email to this address only

**ATTORNEYS FOR PLAINTIFF**

## REQUEST FOR PRODUCTION

1. All photographs, video tapes, movies, and other graphic representations of the scene of the collision.

2. All photographs, video tapes, movies, and other graphic representations of the vehicles involved in the incident that forms the basis of this suit.

3. All photographs, video tapes, movies, and other graphic representations of the Plaintiff.

4. All investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein.

5. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the collision including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding insurance coverage.

6. All documents, records, notations, or memoranda relating to the repair and maintenance of the vehicle involved in the incident which forms the basis of this suit for the period of one (1) year immediately preceding the collision.

7. All documents and records relating to the damage and/or repair to any of the vehicles involved in the collision including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

8. All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards you contend or will contend at trial were violated by the Plaintiff.

9. All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, and any other area of scientific study that you claim to be a reliable authority which may be used by you at the time of trial.

10. All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

11. Any and all trial exhibits.

12. Any and all demonstrative evidence you intend to utilize at trial.

13. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

14. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the Plaintiff and/or concerning the medical or physical condition of the Plaintiff which are in the possession or constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

15. A copy of all documents relating to any criminal records pertaining to Plaintiff or any witnesses.

16. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about your employee driver arising from this incident.

17. All medical records or other documents which you contend show pre-existing medical condition relevant to Plaintiff's claim.

18. All documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

19. Complete driver's qualification file pertaining to **JOHN JOHNICAN**, including but not limited to the following:

   a. check sheet for driver's forms;
   b. application for employment;
   c. employment eligibility verification;
   d. certificate of compliance;
   e. request for check of driving record;
   f. request for information from previous employer;
   g. record and certificate of road test;
   h. written examination and certificate;
   i. answers to written examination;
   j. driver's physical examination certificate with the expiration date;
   k. controlled substance test results;
   l. driver's data sheet;
   m. record of violations;
   n. annual review of driving record;
   o. notice of disqualification; and
   p. pocket cards.

20. A copy of **JOHN JOHNICAN** driver license.

21. All driver logbooks required pursuant to 49 C.F.R. 395 for the one year preceding the date of the incident for **JOHN JOHNICAN**.

22. All company policies and guidelines (either in written form or in an audio/video format) relating to training and safety and driver attendance records pertaining to **JOHN JOHNICAN.**

23. Any and all worker's compensation records pertaining to **JOHN JOHNICAN.**

24. Any and all results from drug and/or alcohol testing pertaining to **JOHN JOHNICAN.**

25. Entire personnel file of **JOHN JOHNICAN.**

26. All documents evidencing ownership of the vehicle involved in the incident in question.

27. All documents regarding any regulatory agency, including OSHA, USDOT, TXDOT, and TNRCC, inspections, investigations, citations, warnings or other reports regarding Defendants' motor carrier operations or vehicles for two years preceding the date of the incident that forms the basis of this suit through the present.

28. Please produce any and all written reports regarding the incident which forms the basis of this suit including any and all e-mails.

29. Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records completed by **JOHN JOHNICAN.**

30. Any and all Pre-trip, Post trip, Log Book, or Trip Ticket records involving the vehicle which was involved in the incident which forms the basis of this lawsuit.

31. Any and all agreements, contracts or written arrangements in effect on the date of the incident that forms the basis of this action with **JOHN JOHNICAN** including but not limited to, any contracts to perform transportation services.

32. Any contracts, lease or rental agreements, involving the tractor or trailer in effect on the date of the incident that forms the basis of this action.

33. All driver's daily logs and 70-hour summaries created by **JOHN JOHNICAN** now in existence, but at least for the period for one month preceding the date of the incident that forms the basis of this suit through present in accordance with FMCSR Part 395 in the possession of any of the defendants.  As used herein the term "hours of service records" means any and all documents created in reference to the FMCSR Part 395 including, but not limited to, drivers' daily logs, time cards and records, administrative log audits, 70-hour log audits, yearly and monthly summary sheets, and reports of violations. This includes all reprimands or warnings sent to Driver for violations of the FMCSR Part 395, Drivers Hours of Service Regulations.

34. Any traffic citations, terminal or road equipment and driver compliance inspections, warnings or citations issued to **JOHN JOHNICAN** by any law enforcement official or agency.

35. Your accident register and records maintained in accordance with FMCSR Part 390.15 for the one year preceding and including the incident made the basis of this suit. This includes, but is not limited to, any reports, correspondence or documentation sent to or received from any persons or organizations and reports made by **JOHN JOHNICAN** or any other person in reference to the incident that forms the basis of this action.

36. Any and all other files and records in reference to any vehicular accident prior to the incident that forms the basis of this action where Defendant **JOHN JOHNICAN** was the driver of a vehicle involved in the prior accidents.

37. Any company manuals, driver's manuals, safety manuals, company issued rules and regulations, directives or notices in effect at the time of the incident that forms the basis of this action regarding drivers' work, safety, driving activities, job performance, discipline, pickup and delivery of cargo.

38. All training and educational materials, including, but not limited to, training videos, outlines, handouts, books, or tests ever shown or provided to or used by **JOHN JOHNICAN** from or by any source including, but not limited to, any trucking schools.

39. Any and all reports of safety audits (compliance reviews) of Defendant. by the Department of Transportation or Department of Public Safety or its agents for four years preceding the date of the incident that forms the basis of this suit to present, together with all correspondence related thereto and the recommendations by the DOT for corrections and, specifically, any documents in reference to violations of the FMCSR.

40. A copy of the organizational chart for Defendant that shows the titles and reporting pathways of corporate management and support personnel.

41. Please produce all documents related to any investigation performed by Defendant of the incident that forms the basis of this suit, as well as any disciplinary action taken as a result of such investigation.

42. Accident registers maintained pursuant to 49 C.F.R. 390 for the past 3 years.

43. All documents and reports relating to your company drug and alcohol program, including any reports relating to **JOHN JOHNICAN** for the last two (2) year period.

44. The actual electronic control module, black box, onboard computer, or other engine computer containing data regarding the movements or operation of the truck.

45. Complete Driver Investigation History (DIH) File for **JOHN JOHNICAN**.

46. All information, including billings, reflecting cellular phone or any other mobile communication device usage for any device available to your driver on the date of the incident that forms the basis of this matter, including, but not limited to, all incoming and outgoing calls, incoming and outgoing SMS and MMS text messages, and emails.

47. Your policies and procedures for driver interviews and hiring qualifications, specifically for **JOHN JOHNICAN**.

48. All data and information from any collision avoidance systems such as VORAD or any other similar collision avoidance system.

CAUSE NO. _____

| | | |
|---|---|---|
| **COREY RISPER** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| **JMS TRANSPORT LLC, AND JOHN** | § | |
| **JOHNICAN,** | § | |
| *Defendants* | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO DEFENDANT JMS TRANSPORT LLC

**TO:**    Defendant **JMS TRANSPORT LLC,** Registered Agent, Jesus Salazar, 19515 Country

Canyon Dr, Spring, Texas 77388.

Pursuant to Rule 198, Texas Rules of Civil Procedure, you are requested to admit or deny

the truth of statements or opinions of fact or of the application of law to fact, including the

genuineness of any documents served with this requests or otherwise furnished or made available

for inspection and copying.    This request extends to all matters set forth in the accompanying

attachments.

Each matter of which an admission is requested will be admitted unless, within thirty (30)

days after service of this request, or within fifty (50) days after service of the citation and petition,

whichever is later, you serve upon the Plaintiff, through the undersigned attorney of record, a

written answer or objection concerning such matter, either specifically denying the matter of which

an admission is requested or setting forth in detail the reasons why you cannot truthfully either

admit or deny the matter.

Respectfully submitted,

LAW OFFICES OF THOMAS J. HENRY

5710 Hausman Rd W, Suite 108
San Antonio, Texas 78249
Telephone: (210) 656-1000
Facsimile: (361) 985-0601

By: _____
Thomas J. Henry
State Bar No. 09484210
Scott Sager
State Bar No. 240837778
*email: **ssager-svc@tjhlaw.com**
*service by email to this address only

**ATTORNEYS FOR PLAINTIFF**

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, the terms "you" and "your" shall refer to this Defendant, her attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2. As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3. In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4. "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.    "Identify" or "Identification":

(a)    When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b)    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)    When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i)    the title, heading, or caption, if any, of such document;

(ii)    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii)    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v)    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)    the physical location of the document and the name of its custodian or custodians.

6.    "Settlement": as used herein, means:

(a)    an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendants or between any Defendants herein whereby Plaintiff or Defendants have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(b)    any resolution of the differences between the Plaintiff and Defendants by loan to

the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants.

(c)    The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.    The "wreck". "The hit", "The collision" and "The accident" as used herein refers to the wreck between the Plaintiff and the vehicle driven by **JOHN JOHNICAN** the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **February 5, 2018** through the date of production of responses requested herein.

## REQUEST FOR ADMISSIONS

1.     **JOHN JOHNICAN** was operating the vehicle in question at the time of the incident which forms the basis of this suit.

**ADMIT OR DENY:**

2.     **JOHN JOHNICAN** was operating the vehicle in the course and scope of his employment.

**ADMIT OR DENY:**

3.     You went to the scene of the wreck.

**ADMIT OR DENY:**

4.     You spoke to the plaintiffs after the wreck.

**ADMIT OR DENY:**

5.     You took photos of the wreck.

**ADMIT OR DENY:**

6.     Your responses herein are truthful.

**ADMIT OR DENY:**

CAUSE NO. _____

| | | |
|---|---|---|
| COREY RISPER | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| JMS TRANSPORT LLC, AND JOHN | § | |
| JOHNICAN, | § | DALLAS COUNTY, TEXAS |
| DEFENDANT | | |

---

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT JOHN JOHNICAN

---

**TO:    DEFENDANT JOHN JOHNICAN**, 803 Champagnolle Rd, El Dorado, Arkansas 71730.

These Interrogatories are filed and served pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE.  Plaintiffs request Defendant answer separately and fully in writing and under oath each of the following interrogatories within fifty (50) days after service of this request.

Respectfully submitted,

LAW OFFICES OF THOMAS J. HENRY

5710 Hausman Rd W, Suite 108
San Antonio, Texas 78249
Telephone: (210) 656-1000
Facsimile: (361) 985-0601

By:   _____
Thomas J. Henry
State Bar No. 09484210
Scott Sager
State Bar No. 240837778
*email: **ssager-svc@tjhlaw.com**
*service by email to this address only

**ATTORNEYS FOR PLAINTIFF**

## DEFINITIONS AND INSTRUCTIONS

1.   As used herein, the terms "you" and "your" shall refer to this Defendant, her attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.   As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.   In accordance with TEX. R. CIV. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.   "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.   "Identify" or "Identification":

a.   When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

b.   When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

c.   When used in reference to a document, "identify" or "identification" shall include statement of the following:

i.    the title, heading, or caption, if any, of such document;

ii.   the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

iii.  the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

iv.   the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

v.    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

vi.   the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

vii.  the physical location of the document and the name of its custodian or custodians.

6.   "Settlement": as used herein, means:

a.   An oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendants or between any Defendants herein whereby Plaintiff or Defendants have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in

the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

b.    Any resolution of the differences between the Plaintiff and Defendants by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants.

c.    The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.    "The wreck", "The hit", :The collision" and "The accident" was used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **February 5, 2018** through the date of production of responses requested herein.

## INTERROGATORIES TO DEFENDANT JOHN JOHNICAN

1. State your full name, address, date of birth, social security number, telephone number, driver's license number, type of license, and all restrictions and endorsements to your driver's license. If your driver's license has been suspended, or if any action has ever been initiated to suspend your driver's license, identify the agency that initiated suspension proceedings, the date(s), the reason(s) stated for each suspension, and the ultimate outcome/result.

**ANSWER:**

2. Identify each traffic citation you have received in the past ten (10) years, including any traffic citation you received as a result of this wreck. As used in this Interrogatory "Identify" means to state the date of each citation/ticket, the reason, the disposition, and the location (city and state).

**ANSWER:**

3. Identify each motor vehicle wreck in which you have been involved as a driver, excluding the wreck made the basis of this suit. As used in this Interrogatory "Identify" means to state the date of the wreck, the identity of the other driver(s), the location (including the street, city, and state), and, if fault was determined, the result.

**ANSWER:**

4. If you have ever been arrested for any offense, other than minor traffic violations, state the date of each arrest, the name of each arresting agency, the city and state, the offense charged, the Court, the type of plea entered, and the disposition of each arrest.

**ANSWER:**

5. Identify each of your employers for the past five (5) years, and include dates of employment, your job title, your job duties, how you were paid (commission, hourly, salary, by the job), and the reason for termination/separation of the employment.

**ANSWER:**

6. Describe in your own words how the wreck occurred, including the speed or estimated speed that your vehicle was traveling at the time, and any cause or contributing cause of the wreck, including, but not limited to, acts or omissions of negligence of any other party or parties, or potential Third-Party Defendants, sudden emergency, unavoidable accident, mechanical defect, or Act of God.

**ANSWER:**

7.  Please state whether there were any witnesses to the wreck (including any passengers in your vehicle or any other vehicle), and if so, give their name, address, and telephone number.

**ANSWER:**

8.  State the style, Court and cause number of all lawsuits you have been a party to and the final disposition of said suit.

**ANSWER:**

9. Please provide the name(s) and address(es) of the cellular and/or wireless telephone company and the telephone number of all cellular and/or wireless telephones that were in your vehicle, in your possession, and in the possession of all passengers at the time of the wreck, and state whether you were using a wireless device of any kind at the time of the wreck.

**ANSWER:**

10. If you were not the owner of the vehicle you were driving at the time of the wreck, state the name, address, and telephone number of the owner of the vehicle, and whether you had permission from the owner to drive the vehicle.

**ANSWER:**

11. Describe all statements, admissions, or declarations made by Plaintiff or conversations you had with Plaintiff at the time of the wreck, or at any time subsequent to the wreck.

**ANSWER:**

12. State whether any other person, not a party to this lawsuit, has made a claim or filed a lawsuit against you or any other person regarding or pertaining to the wreck, and if so, please state such person's name and address.

**ANSWER:**

13. Do you have any evidence of criminal convictions of any party or witness involved in this case?  If so, please state the following:

    a.  Date of conviction;
    b.  Nature of conviction; and
    c.  Cause number, court, and jurisdiction of conviction.

**ANSWER:**

14. State the names of all insurance companies who had primary or excess (umbrella) insurance coverage in effect on the date(s) of the incident(s) made the basis of the Plaintiff's claims against you and the policy number(s), amount(s) or limit(s) of coverage, which apply to such incident(s).  Include in your answer whether any coverage limit is an aggregate limit, whether such limit has been reduced by any other claim, and if so, the amount of such reduction.

**ANSWER:**

## **VERIFICATION**

**THE STATE OF** _____ §
                                §
**COUNTY OF** _____ §


      **BEFORE ME**, the undersigned authority, a Notary Public, on this day personally appeared _____, who being by me duly sworn under oath deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit; that he/she has read the above and foregoing answers, and that every statement contained in this Discovery is within his knowledge and completely true and correct.


_____
**Signature**


_____
**Print**


**THE STATE OF** _____ §
                                §
**COUNTY OF** _____ §


      **BEFORE   ME**,   the   undersigned   authority,   on   this   day   personally _____, who being first duly sworn, stated that each and all of the foregoing Answers to Interrogatories are true and correct.

      **SUBSCRIBED AND SWORN TO on the** _____ **day of** _____, **2019.**


_____
**Notary Public, State of Texas**

My Commission Expires: _____

CAUSE NO. _____

| | | |
|---|---|---|
| **COREY RISPER,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **JMS TRANSPORT LLC, AND JOHN** | § | |
| **JOHNICAN,** | § | |
| *Defendants* | § | **WILSON COUNTY, TEXAS** |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT JOHN JOHNICAN

**TO:   DEFENDANT ROSENDO RAMIREZ** 803 Champagnolle Rd, El Dorado, Arkansas 71730.

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiffs' request the Defendant produce copies of, or permit Plaintiffs to inspect, sample, test, photograph, and/or copy the designated documents, records, or tangible things which are in your possession, custody, or control, or are available to you, or are in the possession, custody, or control of your agents, representatives, or attorneys.

Plaintiffs designates the manner of discovery to be by Defendant providing Plaintiffs' attorney with a photocopy or duplicate of each of the designated documents, records, or tangible things in Defendant's possession, custody, or control, or by making the designated items available for inspection, sampling, testing, photographing and/or copying at the office of Plaintiffs' attorney. If the requested documents, records, or tangible things cannot be readily copied, produced, and delivered to Plaintiffs' attorney, or made available for inspection, sampling, testing, photographing, and/or copying at the office of Plaintiffs' attorney, Plaintiffs are agreeable to conducting discovery in the office of Defendant's counsel or Defendant's premises or obtaining

delivery therefrom. Plaintiffs will return Defendant's photographs, movies, video tapes, and

tangible unduplicated items to Defendant as requested by Defendant. Plaintiffs designate fifty (50)

days after service of these requests for discovery and inspection. Pursuant to Rule 193.5 Texas

Rules of Civil Procedure, these Requests for Production and Discovery are continuing in nature

and require supplementation as soon as is practical, but in no event less than thirty (30) days prior

to the beginning of trial.


**Respectfully submitted,**

**LAW OFFICES OF THOMAS J. HENRY**

5710 Hausman Rd W, Suite 108
San Antonio, Texas 78249
Telephone: (210) 656-1000
Facsimile: (361) 985-0601

By:   _____
Thomas J. Henry
State Bar No. 09484210
Scott Sager
State Bar No. 240837778
*email: **ssager-svc@tjhlaw.com**
*service by email to this address only

**ATTORNEYS FOR PLAINTIFF**

### FIRST REQUEST FOR PRODUCTION TO DEFENDANT JOHN JOHNICAN

1.  Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from the Plaintiff, Defendant or any witnesses or persons with knowledge of relevant facts, including complete and legible transcripts.

2.  Complete and legible photocopies of all statements taken from the Plaintiffs by the Defendant, or anyone acting on Defendant's behalf.

3.  All photographs, video tapes, movies, and other graphic representations, including but not limited to plats, surveys, diagrams, sketches, and maps, of the scene of the collision, the vehicles involved, and the parties involved.

4.  Complete and legible photocopies of all statements taken by you, or someone on your behalf, from witnesses and person with knowledge of relevant facts.

5.  All non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations, including but not limited to indemnity agreements, regarding insurance or other coverage for this wreck.

6.  All documents, records, notations, or memoranda relating to the repair and maintenance of your vehicle for the period of one (1) year immediately preceding the wreck.

7.  All documents and records for any vehicle relating to the damage and/or repair resulting from the wreck including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

8.  All documents, records, reports, notations, and memoranda relating to any insurance claims, including property damage claims, or worker's compensation claims made by you as a result of this incident.

9.  All news articles, whether newspaper or internet articles, which pertain to or reference the wreck.

10. All documents, records, reports, notations, or memoranda regarding the Plaintiff from persons or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau, ISO, and Colossus.

11. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

12.     A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the plaintiff(s) and/or concerning the medical or physical condition of the plaintiff(s) which are in the possession or constructive possession, custody or control of the defendant, Defendant's attorney or anyone acting on Defendant's behalf, excluding any documents and records provided by Plaintiff.

13.     A copy of all documents relating to any criminal records pertaining to any party or witness.

14.     A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind (including bills) containing information about the *defendant* arising from this accident.

15.     Produce for inspection and copying all documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

16.     An executed and notarized copy of the attached Authorization for Wireless Communication Device Records.

17.     Any and all trial exhibits.

18.     Copy of the front and back of your driver's license.

CAUSE NO. _____

| | | |
|---|---|---|
| **COREY RISPER,** *Plaintiff* | § § § | **IN THE DISTRICT COURT** |
| **VS.** | § § § § | **_____ JUDICIAL DISTRICT** |
| **JMS TRANSPORT LLC, AND JOHN JOHNICAN,** **Defendants** | § § § § | **HAYS COUNTY, TEXAS** |

## PLAINTIFFS' FIRST REQUEST FOR ADMISSION TO DEFENDANT JOHN JOHNICAN

**TO:   DEFENDANT JOHN JOHNICAN,** 803 Champagnolle Rd, El Dorado, Arkansas 71730.

Pursuant to Rule 198, TEXAS RULES OF CIVIL PROCEDURE, you are requested to admit or deny the truth of statements or opinions of fact or of the application of law to fact, including the genuineness of any documents served with this request or otherwise furnished or made available for inspection and copying.   This request extends to all matters set forth in the accompanying attachments.

Each matter of which an admission is requested will be admitted unless, within fifty (50) days after service of this request, you serve upon the Plaintiffs, through the undersigned attorney of record, a written answer or objection concerning such matter, either specifically denying the matter of which an admission is requested or setting forth in detail the reasons why you cannot truthfully either admit or deny the matter.

Respectfully submitted,

LAW OFFICES OF THOMAS J. HENRY

5710 Hausman Rd W, Suite 108
San Antonio, Texas 78249
Telephone: (210) 656-1000
Facsimile: (361) 985-0601

By: _____
Thomas J. Henry
State Bar No. 09484210
Scott Sager
State Bar No. 240837778
*email: ssager-svc@tjhlaw.com
*service by email to this address only

ATTORNEYS FOR PLAINTIFF

## DEFINITIONS AND INSTRUCTIONS

1.  As used herein, the terms "you" and "your" shall refer to this Defendant, her attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of this Defendant, whether authorized to do so or not.

2.  As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.  In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical

control of the item.

4.    "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.    "Identify" or "Identification":

    (a)    When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

    (b)    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

    (c)    When used in reference to a document, "identify" or "identification" shall include statement of the following:

        (i)    the title, heading, or caption, if any, of such document;

        (ii)    the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

        (iii)    the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

        (iv)    the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

        (v)    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

        (vi)    the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

        (vii)    the physical location of the document and the name of its custodian or custodians.

6.    "Settlement": as used herein, means:

    (a)    an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the

amount of liability or judgment, or a promise by or between Plaintiff and any Defendants or between any Defendants herein whereby Plaintiff or Defendants have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(b)      any resolution of the differences between the Plaintiff and Defendants by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants.

(c)      The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.      The "wreck", "The hit", "The collision" and "The accident" as used herein refers to the wreck made the basis of this lawsuit.

Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time beginning with the date of the wreck made the basis of this lawsuit up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from **February 5, 2018** through the date of production of responses requested herein.

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

1.      You were working for **JMS TRANSPORT LLC,** at the time of the wreck.

**ADMIT OR DENY:**


2.      **JMS TRANSPORT LLC,** was the owner of the vehicle you were driving that was involved in the wreck.

**ADMIT OR DENY:**


3.      You rear-ended Plaintiff's vehicle.

**ADMIT OR DENY:**


4.      Just prior to the wreck you were not looking at the road in front of you.

**ADMIT OR DENY:**


5.      If you were looking forward you would not have rear-ended Plaintiff.

**ADMIT OR DENY:**


6.      You gave a recorded statement(s) about the wreck.

**ADMIT OR DENY:**


7.      You gave a written statement about the wreck.

**ADMIT OR DENY:**


8.      You took pictures at the scene immediately after the wreck.

**ADMIT OR DENY:**

9.      You have criminal history.

**ADMIT OR DENY:**

10.      You have been arrested before..

**ADMIT OR DENY:**

11.      You had a cellular telephone/device in your possession at the time of the wreck.

**ADMIT OR DENY:**


12.      You were using a cellular telephone/device at the time of the wreck.

**ADMIT OR DENY:**


13.      You were in course and Scope with **JMS TRANSPORT LLC**

**ADMIT OR DENY:**

14.      Your responses herein are truthful.

**ADMIT OR DENY**